MICHAEL F. HEALY (SBN 95098)
mfhealy@shb.com
EMILY M. WEISSENBERGER (SBN 248898)
eweissenberger@shb.com
SHOOK HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco CA 94105
Telephone: (415) 544-1943
Facsimile: (415) 781-2635

Attorneys for Defendants
BOERINGER INGELHEIM CORPORATION
and MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AUSTIN, as successor-in-interest to LISA AUSTIN and as an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOEHRINGER INGELHEIM, a corporation; MCKESSON CORPORATION, a Delaware corporation; and DOES 1-50<br><br>Defendants. | Case No. 21-10069<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(A)(1) AND 1441; DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA AND ALL PARTIES:

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Boehringer Ingelheim Corporation ("BIC") and McKesson Corporation

("McKesson") remove this action from the Superior Court of the State of California, San

Francisco County, to the United States District Court for the Northern District of California. The

United States District Court for the Northern District of California has original subject-matter

jurisdiction over this civil action under 28 U.S.C. §§ 1332(a) and 1441 because there is complete

diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of

interest and costs.

1

DEFENDANTS' NOTICE OF REMOVAL

**INTRODUCTION AND SUMMARY**

1. On November 2, 2020, Plaintiff filed this case styled *John Austin, as successor in interest to Lisa Austin and as an individual v. Boehringer Ingelheim, a corporation; McKesson Corporation, a Delaware corporation; and Does 1-50*, in the Superior Court of California, San Francisco County.

2. In his Complaint, Mr. Austin alleges that his wife, Ms. Austin, began taking the prescription oral anticoagulant Pradaxa in December 2017, and that Ms. Austin died "from multiorganism [sic] failure, respiratory failure, Sepsis, and Idiopathic Lung Disease" in November 2018.  Compl. ¶¶ 34–39.

3. Mr. Austin brings causes of action for failure to warn, negligence, negligent misrepresentation, fraud and intentional misrepresentation, and wrongful death.  *Id.* ¶¶ 40–85.

4. Mr. Austin seeks to recover general damages, medical and other special damages, loss of earnings and earning capacity, and punitive damages.  *Id.* p. 18, ¶¶ 1–7.

**GROUNDS FOR REMOVAL**

**I. Removal is proper because this Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a).**

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. Complete diversity of citizenship exists between Plaintiff and Defendants.**

6. The decedent Ms. Austin was a citizen of the State of California.  Compl. ¶ 1; 28 U.S.C. § 1332(c)(2).

7. Upon information and belief, Mr. Austin is and was at the time he filed this lawsuit a citizen of the State of California.  Compl. ¶ 1.

8. Defendant Boehringer Ingelheim Corporation is and was at the time Plaintiff filed this lawsuit a citizen of the States of Nevada and Connecticut because it is incorporated under the

laws of the State of Nevada and has its principal place of business in Ridgefield, Connecticut. Ex. 1, Conn. Sec'y of State, Business Details.[1]

9. Defendant McKesson Corporation is not, as the Complaint states, a citizen of the State of California. *See* Compl. ¶ 5. Instead, McKesson Corporation is and was at the time Plaintiff filed this lawsuit, a citizen of the states of Delaware and Texas because it is incorporated under the laws of the State of Delaware and has its principle place of business in Irving, Texas. Ex. 2, Cal. Sec'y of State, Corporation – Statement of Information.

10. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus, the citizenship of fictitious Defendants "JOHN DOES 1-50" is irrelevant to removal.

**B. The amount-in-controversy requirement is satisfied.**

11. Under 28 U.S.C. § 1446(a), a removing defendant need only include in its notice of removal "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court has explained that "by borrowing the familiar 'short and plaint statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)). The Court held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 84. In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that

---

[1] Plaintiff names "Boehringer Ingelheim, a corporation" in the caption of the Complaint, and he served Boehringer Ingelheim Corporation. But throughout the Complaint, his allegations are directed to "Boehringer Ingelheim Pharmaceuticals, Inc." *See* Compl. ¶ 2. Boehringer Ingelheim Pharmaceuticals, Inc., which is the entity that distributes Pradaxa in the United States, is not a party to this action. If it somehow were a party, complete diversity still exists. Boehringer Ingelheim Pharmaceuticals, Inc. is a citizen of the states of Delaware and Connecticut because it is incorporated under the laws of the State of Delaware and has its principal place of business in Ridgefield, Connecticut.

3
DEFENDANTS' NOTICE OF REMOVAL

"a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'" *Dart Cherokee*, 574 U.S. at 86.

12. The amount pleaded by the defendant "'should be accepted when not contested by the plaintiff or questioned by the court.'" *Wondeh v. Change Healthcare Prac. Mgmt. Solutions*, No. 19-cv-07824-JD, 2020 WL 5630268, at *1 (N.D. Cal. Sept. 21, 2020) (quoting *Dart Cherokee*, 574 U.S. at 87). In the event a defendant's amount-in-controversy allegation is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of the evidence shows that the amount in controversy is met. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019).

13. It is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Kammerdiener v. Ford Motor Co.*, No. CV 09-2180, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010) ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint."); *In re Incretin Mimetics Prods. Liab. Litig.*, No. 14-cv-2841, 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) ("Courts have recognized that claims for wrongful death are sufficient to establish the requisite amount in controversy on the face of the complaint.").

14. This is an action for personal injuries and wrongful death allegedly related to the prescription oral anticoagulant Pradaxa, which Plaintiff alleges was manufactured and distributed by Defendants. *See, e.g.*, Compl. ¶¶ 3–6, 33–39, 40–48. Mr. Austin alleges that after Ms. Austin presented to the ER, was admitted to the Kaiser Hospital, and subsequently transferred to Stanford Hospital (for 10 days), she "died on November 2, 2018 from multiorganism [sic] failure, respiratory failure, Sepsis, and Idiopathic Lung Disease." *Id.* ¶¶ 37–39. Mr. Austin seeks to recover a host of damages from both Defendants, including medical and other special damages resulting from the hospital stays, loss of Ms. Austin's earnings and earnings capacity, and wrongful-death damages. *Id.* p. 18, ¶¶ 1–7.

15. In addition, Plaintiff seeks punitive or exemplary damages, which are "part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

16. In short, considering the nature of injuries Plaintiff alleges in his request for damages, including punitive damages, it is clear that the amount-in-controversy is met as to each Defendant.

**II.     Defendants have met the procedural requirements for removal.**

17. BIC was served with a copy of the Complaint on December 1, 2021. McKesson was served with a copy of the Complaint on December 3, 2021. Therefore, this removal is timely because it is filed within 30 days after service of the initial pleading. 28 U.S.C. § 1446(b)(1), (b)(2)(B).

18. The Superior Court of California, San Francisco County, is located within the Northern District of California, 28 U.S.C. § 84(a), and removal to this Court is proper under 28 U.S.C. § 1441(a) because the Northern District of California embraces the place in which the removed action was pending.

19. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders in the state-court file is attached as Exhibit 3.

20. No previous application has been made for the relief requested herein.

21. Immediately following the filing of this Notice of Removal, Defendants will deliver a written notice of filing of this Notice to Plaintiff, as required by 28 U.S.C. § 1446(d). Defendants will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, San Francisco County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, San Francisco County, to this Court under 28 U.S.C. § 1441.

///

///

**DEMAND FOR JURY TRIAL**

Defendants Boehringer Ingelheim Corporation and McKesson Corporation hereby demand a trial by jury in this action.

DATED: December 30, 2021

SHOOK HARDY & BACON L.L.P.

By: */s/ Michael F. Healy*
Michael F. Healy
Emily M. Weissenberger
Attorneys for Defendants
BOERINGER INGELHEIM
CORPORATION. and MCCKESSON
CORPORATION